In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-16-00111-CR
_____

BROCK CHAMBERS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 252nd District Court
Jefferson County, Texas
Trial Cause No. 12-14060

**MEMORANDUM OPINION**

Pursuant to a plea bargain agreement, appellant Brock Chambers[1] pleaded guilty as a repeat felony offender to the state jail felony offense of delivery of a controlled substance. The trial court found the evidence sufficient to find Chambers guilty, but deferred further proceedings, placed Chambers on community supervision for five years, and assessed a fine of $500. The State

_____

[1]The clerk's record shows that Brock Chambers is also known as Brock Anthony Chambers and Bro Hung.

1

subsequently filed a motion to revoke Chambers's unadjudicated community supervision. Chambers pleaded "true" to one violation of the conditions of his community supervision. The trial court found that Chambers violated the conditions of his community supervision, found Chambers guilty of delivery of a controlled substance, and assessed punishment at ten years of confinement.

Chambers's appellate counsel filed a brief that presents counsel's professional evaluation of the record and concludes the appeal is frivolous. *See Anders v. California,* 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). On September 29, 2016, we granted an extension of time for appellant to file a *pro se* brief. We received no response from Chambers.

We have reviewed the appellate record, and we agree with counsel's conclusion that no arguable issues support an appeal. In our review of the record, we noted that the trial court's judgment incorrectly recites that the degree of the offense with which Chambers was charged was a second-degree felony. The indictment reflects Chambers was charged with violating section 481.112 of the Texas Health and Safety Code (the Texas Controlled Substances Act), and the indictment and the reporter's record of the sentencing hearing reflect that the offense with which Chambers was charged was a state jail felony, but his punishment exposure was increased due to his sequenced prior felony convictions.

This Court has the authority to modify the trial court's judgment to correct a clerical error. *See* Tex. R. App. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993). Therefore, we modify the trial court's judgment to remove "2ND DEGREE FELONY" from that section of the judgment entitled "Degree[]" and substitute "STATE JAIL FELONY" in its place.

We find it unnecessary to order appointment of new counsel to re-brief the appeal. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We affirm the trial court's judgment as modified.[2]

AFFIRMED AS MODIFIED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on December 29, 2016
Opinion Delivered January 11, 2017
Do Not Publish

Before McKeithen, C.J., Kreger and Horton, JJ.

---

[2]Chambers may challenge our decision in this case by filing a petition for discretionary review. *See* Tex. R. App. P. 68.